857 A.2d 1283

COMMONWEALTH of Pennsylvania, Appellant

v.

Richard Carroll NOEL, Appellee.

Commonwealth of Pennsylvania, Appellant

v.

Keith Douglas Travis, Appellee.

Supreme Court of Pennsylvania.

Argued March 3, 2004.

Decided Sept. 22, 2004.

Daniel Neil McEwen, for the Com., Appellant.

Daniel W. Davis, Sharpsville, for Richard Carroll Noel, Appellee.

Douglas Eric Straub, Mercer, for Keith Douglas Travis, Appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice NIGRO.

In this appeal, we are asked to consider the constitutionality of Section 3103(a) of the Motor Vehicle Code (the "Code"), which provides:

Every person riding an animal or driving any animal-drawn vehicle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this part, except those provisions of this part *which by their very nature can have no application* or where specifically provided otherwise.

75 Pa.C.S. § 3103(a) (emphasis added).[1] For the reasons set forth below, we agree with the trial court below that Section 3103(a) is unconstitutionally vague and therefore affirm.

On April 7, 2002, the Pennsylvania State Police stopped Appellees Richard Carroll Noel and Keith Douglas Travis while they were riding horses on a public highway in Springfield Township, Mercer County because they appeared to be intoxicated. Appellees were subsequently charged with Driving While Under the Influence of Alcohol ("DUI") pursuant to 75 Pa.C.S. § 3731(a)(1),[2] and Public Drunkenness pursuant to

---

1. As used in this provision, "this part" refers to Part III of the Code, which is codified in Sections 3101 through 3755, 75 Pa.C.S. §§ 3101–3755.

2. 75 Pa.C.S. § 3731, which is contained in Part III of the Code, provides in relevant part:

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

. . . .

75 Pa.C.S. § 3731 has since been repealed by Act of 2003, Sept. 30, P.L. 120, No. 24, § 14, effective Feb. 1, 2004. It was amended and recodified at 75 Pa.C.S. § 3802.

18 Pa.C.S. § 5505. Following a preliminary hearing, the trial court found that there was sufficient evidence to hold Appellees for trial, and both of the appellees waived arraignment.

On August 20, 2002, Appellee Travis filed a petition for writ of habeas corpus and Appellee Noel filed the same on August 26, 2002. In their petitions, Appellees argued that, as horse riders, they were not subject to Pennsylvania's DUI statute because that statute applies only to persons operating a "vehicle." *See* 75 Pa.C.S. § 3731(a). In addition, Appellee Noel contended that Section 3103(a), which, as stated above, purports to subject a person riding an animal upon a roadway to many of the same duties of the Code applicable to a driver of a vehicle, was unconstitutionally vague. *See id.* at 3103(a). Following a hearing, the trial court granted Appellees' petitions and dismissed the charges against them. The basis for the court's decision was two-fold. First, the trial court agreed with Appellees that the term "vehicle," as used in Section 3731(a)(1), does not encompass in its meaning an animal such as a horse. *See id.* at 3731(a)(1). Therefore, the court concluded that on its face, Section 3731(a)(1) could not apply to Appellees as they were riding horses and not operating vehicles when they were arrested.[3] *See id.* The court then went

---

**3.** Although the court noted that the Commonwealth had waived the issue of whether a horse is a vehicle for purposes of the Code for failure to raise the issue in its 1925(b) statement, the court nonetheless proceeded to address the issue. In doing so, the court specifically reasoned that because Section 3731(a)(1) applies only where a person "drive[s], operate[s] or [is] in actual physical control of the movement of any vehicle," *see* 75 Pa.C.S. § 3731(a), Appellees could only be subject to that Section if a horse is considered a "vehicle." The court then noted that the Code defines a "vehicle" as any "device in, upon or by which any person or property is or may be transported or drawn upon a highway...." *See* 75 Pa.C.S. § 102. As the Code does not define "device," the court looked to the word's common definition, which is "a[n] invention or contrivance; any result of design," *see* Black's Law Dictionary 462 (7th ed. 1999), and concluded that a horse clearly could not be considered a "device" and therefore is not a "vehicle" for purposes of 75 Pa.C.S. § 3731(a)(1). Notably, in its brief to this Court, the Commonwealth does not challenge the trial court's conclusion that it had waived the "vehicle" issue below, nor does the Commonwealth clearly challenge the trial court's determination that a horse is, in fact, not a vehicle for purposes of Section 3731(a)(1). *See* Cmwlth.'s Bf. at 9 (stating that whether or not a horse is a vehicle is

on to consider whether Appellees could be subject to the DUI statute through Section 3103(a), and concluded that they could not, as that Section is both unconstitutionally vague and unconstitutionally delegates legislative power to the judiciary.

The Commonwealth appealed to the Superior Court, and the Superior Court relinquished jurisdiction and transferred the Commonwealth's appeal to this Court pursuant to 42 Pa.C.S. § 722(7).[4] In its appeal, the Commonwealth argues that the trial court erred in concluding that Section 3103(a) is unconstitutionally vague. We disagree.

As this appeal raises the constitutionality of a statute, our scope of review is plenary. *See Commonwealth v. MacPherson,* 561 Pa. 571, 752 A.2d 384, 388 (2000). It is well-established in this Commonwealth that a statute is presumed to be constitutional and will only be invalidated as unconstitutional if it "clearly, palpably, and plainly violates constitutional rights." *Id.* Moreover, this Court has made clear that a criminal statute must give reasonable notice of the conduct which it proscribes to those who are subject to it. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162, 165 (Pa.1996). Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244, 246 (1976). As this Court stated in *Commonwealth v. Mayfield:*

> The terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its

"irrelevant" in light of its primary argument regarding constitutionality and applicability of Section 3103(a)). Thus, this issue is not before our Court.

**4.** 42 Pa.C.S. § 722(7) states:

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in .... [m]atters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

penalties.... [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

574 Pa. 460, 832 A.2d 418, 422 (2003) (citations omitted).

In finding Section 3103(a) to be unconstitutionally vague, the trial court below determined that it was impossible for the courts to ascertain which provisions contained in Part III apply "by their very nature" to a person riding an animal and which do not. The trial court, in reaching this conclusion, relied heavily on a concurring opinion in *State of Utah v. Blowers*, 717 P.2d 1321, 1323 (Utah 1986). In *Blowers*, the Supreme Court of Utah concluded that a Utah statute virtually identical to the one at issue here was unconstitutional, stating:

> Section 41-6-15 provides: "Every person riding an animal or driving any animal-drawn vehicle upon a roadway is subject to this chapter, except those provisions which by their nature can have no application." This is a classic example of a criminal statute that is too vague in its prohibitions to survive a due process challenge. It is impossible for anyone to determine, even upon thoughtful reflection, which portions of the vehicle code the legislature thought should apply to animals and animal-drawn vehicles and which should not.

*Id.* (citing U.C.A. § 41-6-15 (1953)(amended 1987)). Justice Howe authored a concurring opinion in *Blowers*, which the trial court below quoted at length. In his concurring opinion, Justice Howe elaborated on the majority's conclusion that the Utah statute was unconstitutional,[5] explaining:

> In Section 41-6-15, the legislature has declared that every person riding an animal upon a roadway is subject to all the provisions of that chapter (the traffic code), "except those provisions which by their nature can have no application."

5. Justice Howe agreed with the majority that the Utah statute was unconstitutionally vague, but also believed that the statute impermissibly delegated legislative power to the judiciary.

Chapter 6 of title 41 deals with a myriad of traffic rules and regulations. They include obeying traffic signs and signals; reporting accidents; prohibiting driving while intoxicated and reckless driving; speed restrictions; regulations applicable to driving on the right side of the road; turns and signals on starting, stopping, or turning, standing and parking; required equipment; and various miscellaneous rules.... [A]n arguable position might be taken for and against the application of many provisions of the traffic code to persons riding animals upon the highway. Application in each instance may not always yield to our notions of common sense.... For example, if, while on a highway a rider breaks his arm as a result of being thrown off an unruly horse, does section 41–6–34 require the rider to notify the police? Would the rider need to fill out an accident report form as required by 410–6–35? Could a law enforcement officer issue a citation to a rider whose horse makes an unusual noise as proscribed by section 41–6–147? Must horses be equipped with headlamps and taillights as arguably required by section 41–6–130–5(a)?

*Blowers,* 717 P.2d at 1324 (Howe, J., concurring).

■ This reasoning is equally applicable to Section 3103(a) which, much like the Utah statute, essentially provides that horse-riders will be subject to those provisions of Part III of the Code which "by their very nature" are deemed to apply to horse-riders. Within Part III of the Code, there are five chapters, each of which contains several subchapters. These subchapters set forth a myriad of rules concerning this Commonwealth's traffic laws, the rights and duties of automobile owners, and serious criminal offenses involving motor vehicles. In total, there are over one hundred and twenty provisions contained in Part III that, according to Section 3103(a), may or may not apply to horse-riders like Appellees. While the Commonwealth argues that "nothing beyond logic and common sense is required to make the determination" as to whether or not a particular provision in Part III is applicable "by its very nature" to horse-riders, and that, indeed, there is no "statute in Part III which, after its reading, leaves any

question in the mind of its reader whether or not the statute applies," we simply cannot agree. Cmwlth.'s Bf. at 12, 13.

For example, Section 3708, "Unauthorized driving over fire hose," provides the following:

> No vehicle shall be driven over any unprotected hose of a fire department when laid down on any highway, private road or driveway, for use at any fire or alarm of fire, without the consent of a fire department officer, a police officer or other appropriately attired person authorized to direct, control or regulate traffic at the scene.

75 Pa.C.S. § 3708. It is completely unclear whether this provision, by sheer virtue of being contained in Part III of the Code, applies to a rider whose horse steps over a fire hose as it passes the scene of a fire, or whether it is one that "by its very nature" can have no application to a horse-rider. Likewise, it is not clear whether an equestrians horse who momentarily traverses a sidewalk would be violating Section 3703 of the Code, "Driving upon a sidewalk," which provides that "no person shall drive any vehicle except a human-powered vehicle upon a sidewalk or sidewalk area except upon a permanent or duly authorized temporary driveway." 75 Pa.C.S. § 3703(a). Nor is it clear whether a person thrown from an unruly horse would be required to notify the police under Section 3746, "Immediate notice of accident to police department," which provides:

> The driver of a vehicle involved in an accident shall immediately by the quickest means of communication give notice to the nearest office of a duly authorized police department if the accident involves ... injury to or death of any person....

75 Pa.C.S. § 3746(a)(1).

These examples demonstrate that it is entirely unclear which provisions in Part III apply "by their very nature" to persons riding an animal and which do not. Indeed, as Justice Howe opined in his concurring opinion in *Blowers*, an argument could be made both for and against the application of these, and many other, provisions of Part III of the Code to

persons riding an animal.[6] Clearly, then, Section 3103(a) does not provide a reasonable standard by which an ordinary person may contemplate his or her future conduct. *See Barud,* 681 A.2d at 166.[7] As a result, we agree with the trial court that Section 3103(a) is unconstitutionally vague and thus invalid.[8] The order of the trial court is affirmed.

Justice SAYLOR files a concurring opinion in which Justice NEWMAN joins.

Justice EAKIN files a dissenting opinion.

6. The Commonwealth attempts to argue that Justice Howe's rationale in his concurring opinion is totally inapplicable to Section 3103(a). In support of its argument, the Commonwealth points to two examples cited in Justice Howe's opinion, the ones relating to noise and lights, and notes that the comparable requirements in Pennsylvania are not, in fact, contained in Part III of the Code and thus, would not be applicable to Pennsylvania horse-riders via Section 3103(a). However, as Appellee Noel counters, this argument "completely ignores the other twelve examples given by Justice Howe which *would* be covered by Part III," Appellee Noel's Bf. at 5 (emphasis added), and therefore does not in any way dilute the underlying reasoning of Justice Howe's opinion.

7. While Justice Saylor opines in his concurring opinion that Appellees' vagueness challenge must fail because it is obvious that the drunk driving provision is not one that "by [its] very nature" cannot apply to horse-riders, we disagree. As an initial matter, we simply do not agree that Section 3103(a) put Appellees on reasonable notice that riding a horse on a roadway while intoxicated would violate the Vehicle Code when, to reach such a conclusion, Appellees would be required to assign a workable meaning to the language of Section 3103(a), and that language is, as made clear above, simply too imprecise to enable them to do so. *See* 75 Pa.C.S. § 3103(a). Indeed, contrary to Justice Saylor's contention, any attempt to apply that language to the DUI provision only serves as yet another example of how "it is impossible for anyone to determine, even upon thoughtful reflection, which portions of the vehicle code the legislature thought should apply to animals and animal-drawn vehicles and which should not." *See Blowers,* 717 P.2d at 1323. Specifically, we reiterate that the DUI provision prohibits driving "while under the influence of alcohol *to a degree which renders the person incapable of safe driving,*" and note that it is not at all clear, among other things, that a horse, which unlike a car is not fully controlled by the rider, would allow itself to be "driven" in an unsafe manner. *See* 75 Pa.C.S. § 3731(a)(1)(emphasis added). Thus, whether or not the DUI provision "by [its] very nature" can be summarily applied to horse-riders is simply not as clear as Justice Saylor suggests.

8. Given our finding that Section 3103(a) is void for vagueness, we need not reach the question of whether that Section is also unconstitutional

Justice SAYLOR, concurring.

The majority concludes that Section 3103(a) of the Vehicle Code is unconstitutionally vague, and thus, declines to reach the question of whether that provision violates the non-delegation doctrine. Because I believe that Appellees' vagueness challenge cannot be sustained on the present facts, I would invalidate Section 3103(a) on the sole basis that it impermissibly delegates a legislative function to the judiciary.

The prohibition against driving while intoxicated is clearly capable, by its nature, of application to individuals riding horses; Appellees do not dispute this. Hence, Appellees' vagueness claim is facial, rather than "as-applied," in nature. Notably, however, in cases that do not implicate First Amendment freedoms, this Court has rejected facial vagueness challenges where the defendant's conduct is clearly prohibited by the statute in question.[1] *See Commonwealth v. Mayfield,* 574 Pa. 460, 467–68, 832 A.2d 418, 422 (2003); *Commonwealth v. Cook,* 468 Pa. 249, 253, 361 A.2d 274, 276–77 (1976); *Commonwealth v. Hughes,* 468 Pa. 502, 508, 364 A.2d 306, 309 (1976); *Commonwealth v. Heinbaugh,* 467 Pa. 1, 4, 354 A.2d 244, 245 (1976); *see also United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975) ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."). This is because the vagueness doctrine stems from due process concerns, namely, that citizens must be given fair warning of what conduct is prohibited. *See Heinbaugh,* 467 Pa. at 5, 354 A.2d at 246 (quoting *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)). If a defendant's conduct was clearly prohibited by the challenged statute, he received fair warning even though there may doubts about the statute's applicability in other situations.[2]

on the closely related ground that it impermissibly delegates legislative power to the judiciary.

1. Appellees do not maintain that this matter involves First Amendment protections.

2. This Court has additionally explained that, measuring a statutory proscription against hypothetical conduct that its language could possi-

On the other hand, where the contention is that the statute improperly delegates legislative authority, the provision is asserted to be void *ab initio* for reasons distinct from due process. In this light, Appellees' facial attack upon Section 3103(a) is less problematic than it would be in the context of a traditional vagueness dispute, particularly as courts are generally willing to entertain facial challenges to legislation based upon separation-of-powers precepts, *see, e.g., Blackwell v. Commonwealth, State Ethics Comm'n*, 523 Pa. 347, 354, 567 A.2d 630, 634 (1989); *Samuel v. WCAB (Container Corp. of Am.)*, 814 A.2d 274, 277 (Pa.Cmwlth.2002); *Nixon v. Administrator of Gen. Servs.*, 408 F.Supp. 321, 341 (D.D.C.1976), *aff'd* 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), which include the non-delegation doctrine embodied in Article II, Section 1 of the Pennsylvania Constitution.[3] *See Lehman v. Pennsylvania State Police*, 576 Pa. 365, 380, 839 A.2d 265, 274 (2003); *Gilligan v. Pennsylvania Horse Racing Comm'n*, 492 Pa. 92, 95, 422 A.2d 487, 489 (1980). Moreover, there is little imprecision in the text of Section 3103(a) itself, and hence, the asserted vagueness relates only to the question of which other provisions of the Vehicle Code may be combined with it to regulate transportation by animal. Thus, Appellees' position is best understood, at bottom, as a contention that Section 3103(a) imposes upon the judiciary an essentially legislative task.

On the merits of the constitutional issue, I agree with the majority that there are a number of aspects of the Vehicle Code which may or may not, by their nature, be capable of application to animals. These questions are best suited for the Legislature to resolve, as that body, by design, is able to solicit empirical information and is responsible to make policy

bly embrace "would require us to adjudicate the rights of parties not presently before the Court, at the insistence of a party who does not have standing to assert such rights." *Heinbaugh*, 467 Pa. at 4, 354 A.2d at 245. This limitation is applicable here, as the uncertainty that Appellees allege pertains to aspects of the Vehicle Code with which they were not charged.

3.  That provision states, "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST art. II, § 1.

decisions where necessary. Thus, in my view, Section 3103(a) violates the non-delegation rule, and this defect renders the provision void in its entirety. As this conclusion is fatal to the Commonwealth's case, I agree with the majority that the trial court's order should be affirmed.

Justice NEWMAN joins this concurring opinion.

Justice EAKIN, dissenting.

A horse is a horse, of course, of course, And no one can talk to a horse of course That is, of course, unless the horse is the famous Mr. Ed.

Go right to the source and ask the horse He'll give you the answer that you'll endorse. He's always on a steady course. Talk to Mr. Ed.

Ray Evans and Jay Livingston, *Mr. Ed,* (CBS, 1961–1966).

Mr. Ed would know which sections of Part III do not "by their very nature" apply to his rider, and I attribute the equivalent horse sense to the ordinary reasonable person. Because I cannot agree § 3103(a) of the Vehicle Code is unconstitutionally vague, I offer my respectful dissent.

75 Pa.C.S. § 3103(a) states that persons riding animals or animal-drawn vehicles upon a roadway are subject to all provisions of Part III of the Vehicle Code (Chapters 31 through 37) except those "which by their very nature can have no application." Appellees were charged with violating § 3731, which states, "[a] person shall not drive, operate or be in actual physical control of the movement of any vehicle ... while under the influence of alcohol to a degree which renders the person incapable of safe driving." 75 Pa.C.S. § 3731(a)(1). Clearly, this is a provision of the Vehicle Code which is not "by [its] very nature" without application to persons riding an animal on the roadway.

In order for a penal statute to be constitutionally firm, the offense must be defined with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Commonwealth v. Mayfield,*

574 Pa. 460, 832 A.2d 418, 422 (2003) (citations omitted). "Due process is satisfied if the statute provides reasonable standards by which a person may gauge his future conduct." *Id.* (citing *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244, 246 (1976)).

Due process simply requires the statute in question to contain reasonable standards to guide prospective conduct. *Id.* (citations omitted). The majority rides far afield, wondering whether an equestrian could be cited for driving the horse over a fire hose (§ 3708), or on a sidewalk (§ 3703), or whether § 3746 requires a person falling off a horse to notify police. The answer to the first two is "of course." At a fire, the offense is not merely driving over hoses—it is driving over hoses without consent of the person regulating traffic. The statute involves regulating traffic away from the firefighting equipment, which makes eminent sense, and the offense is not "by its nature" inapplicable to drivers of animals. Likewise, one is no more allowed to endanger pedestrians by riding a horse on the sidewalk than one is allowed to drive one's car there, momentarily or otherwise. As for the third hypothetical, the situation remains one of common sense; any ambiguity in this section involves the word "accident," not its application to equestrians. Whether falling from a horse or a car, if it is on the highway and comprises an accident which results in injury, one must report; if there is no accident or injury, there is no need to report. The rationale for police involvement is no different just because the highway accident involved a horse.

Besides, appellant is charged with DUI, not a fire hose or sidewalk violation. "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Heinbaugh,* at 245 (citation omitted). It is not within the purview of this Court to adjudicate the rights of hypothetical individuals engaged in hypothetical conduct. *Id.* We could fashion imaginary fact situations until the livestock returns to the barn, but that is not proper constitutional analysis.

Trotting through Part III, it is not difficult to discern which statutes "by their very nature" cannot apply to equestrians. Section 3113 deals with pedestrians, not drivers. Section 3343 describes how specific heavy equipment shall be moved over railroad crossings; a horse is not one of the listed pieces of equipment. Section 3366 deals with contents of speeding citations and § 3368 involves devices with which speed may be timed. The whole of Chapter 35 deals specifically with pedalcycles, motorcycles,[1] and pedestrians; animals "by their very nature" are not pedalcycles, motorcycles, or pedestrians, and not subject to these specially tailored sections.

These are statutes "by their very nature" not applicable to animal drivers; interestingly, they are not by nature applicable to the driver of a car, either. It is the "rules of the road" that apply to the driver of the mustang and Mustang alike. Here, an ordinary person of common intelligence would know that riding a horse while intoxicated would be a violation of § 3731, just as the same person would recognize that the rider of a horse must stop at a stop sign, ride on the right side of the road, and signal before turning. *See Mayfield*, at 423 (statute sufficiently definite that ordinary people can understand what conduct is prohibited and is not so vague men of common intelligence must guess at its meaning and differ as to its application).

A horse is a horse, of course, of course, but the Vehicle Code does not divorce its application from, perforce, a steed, as my colleagues said.

"It's not vague" I'll say until I'm hoarse, and whether a car, a truck or horse this law applies with equal force, and I'd reverse instead.

Because I cannot agree this statute is vague or ambiguous, I respectfully dissent.

1. There is an equivalent section to § 3103 for pedalcycles (§ 3501) and motorcycles (§ 3521), each excluding offenses "by their nature" inapplicable to that particular user of the highways. One must assume the same vagueness arguments make these sections unconstitutional as well.