COMMONWEALTH of Pennsylvania,
Appellee

v.

Anthony COSTA, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 2, 2004.
Filed Nov. 1, 2004.

Michael P. Clarke, Trivosi, for appellant.

Diane E. Gibbons and Jennifer A. Buck, Asst. Dist. Attys., Doylestown, for Com., appellee.

Before: TODD, GANTMAN and TAMILIA, JJ.

GANTMAN, J.:

¶ 1 Appellant, Anthony Costa, appeals from the judgment of sentence imposed by the Bucks County Court of Common Pleas, following his bench convictions for drug delivery resulting in death (third-degree murder),[1] corruption of minors,[2] abuse of corpse,[3] criminal conspiracy,[4] and other related offenses. Specifically, Appellant asks us to determine whether the statute defining the crime of drug delivery resulting in death as third-degree murder is unconstitutionally vague as written because it does not specify a precise *mens rea* required for culpability. We hold Appellant's facial challenge to Section 2506 must fail because the statute provides a *mens rea* with sufficient certainty. Accordingly, we affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history of this appeal are as follows:

On December 30, 2001 at approximately 2:43 p.m., Philadelphia police officers responded to a radio call at North Orkney Street in their jurisdiction. Upon arrival, the officers discovered the fully clothed body of a white female minor in the back seat of a blue 1990 Mercury Sable. The female, [sixteen-year-old] K.B., was pronounced dead by a paramedic. A white powder substance was found around K.B.'s nose, on her neck and on her sweater collar.

An autopsy was performed the following day that determined that the cause of death was "adverse effects of drugs." The parties stipulated to the following facts. On December 28, [2001], K.B.'s cousin contacted [Appellant] and informed him that she knew someone who would trade sex for drugs. As a result, [Appellant] met K.B. at a motel in Bensalem Township, Bucks County. After [Appellant] handed K.B. ten bags of heroin, she went into the bathroom. She emerged from the bathroom naked and joined [Appellant] on the bed where he initiated sexual contact with her. Shortly thereafter, [Appellant] realized that K.B. was unresponsive and not breathing. He attempted to revive her by administering C.P.R., but failed in his efforts. [Appellant] then telephoned K.B.'s cousin and explained what had occurred. K.B.'s cousin assisted him in clothing the deceased and cleaning the room. K.B.'s cousin placed some heroin on K.B.'s nose. Both [Appellant] and K.B.'s cousin then placed the body in the back seat of K.B.'s car and drove to Philadelphia. Upon arrival, [Appellant] dropped K.B.'s cousin off near her home, parked the car in the Kensington section of Philadelphia, and left.

(Trial Court Opinion, dated September 16, 2003, at 2). Following a bench trial on July 7, 2003, Appellant was convicted of drug delivery resulting in death, and other related offenses. The court sentenced Appellant to seven to fourteen years' imprisonment. This timely appeal followed.

¶ 3 Appellant raises the following issues for our review:

WHETHER 18 PA.C.S.A. § 2506 IS UNCONSTITUTIONALLY VAGUE AND THEREFORE VIOLATES THE

1. 18 Pa.C.S.A. § 2506.

2. 18 Pa.C.S.A. § 6301.

3. 18 Pa.C.S.A. § 5510.

4. 18 Pa.C.S.A. § 903.

DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 9, OF THE PENNSYLVANIA CONSTITUTION.

WHETHER 18 PA.C.S.A. § 2506 VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 9, OF THE PENNSYLVANIA CONSTITUTION AS IT IS VOID FOR VAGUENESS DUE TO THE FACT THAT IT FAILS TO GIVE A PERSON OF ORDINARY INTELLIGENCE FAIR NOTICE THAT HIS CONTEMPLATED CONDUCT IS FORBIDDEN BY STATUTE OR THAT [IT] IS SO INDEFINITE THAT IT ENCOURAGES ARBITRARY AND ERRATIC ARRESTS.

(Appellant's Brief at 7).[5]

■ ¶ 4 The constitutionality of a statute is a question of law; therefore, the scope of appellate review is plenary. *Commonwealth v. Moss*, 852 A.2d 374 (Pa.Super.2004). "The constitutional validity of duly enacted legislation is presumed. The party seeking to overcome the presumption of validity must meet a formidable burden." *Commonwealth v. Haughwout*, 837 A.2d 480, 487 (Pa.Super.2003) (citing *Commonwealth v. Means*, 565 Pa. 309, 773 A.2d 143 (2001)). "A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of a finding of constitutionality." *Commonwealth v. Mayfield*, 574 Pa. 460, 466, 832 A.2d 418, 421 (2003) (internal citations and quotation marks omitted).

¶ 5 We address Appellant's two issues together for purposes of disposition. Appellant contends police officers, prosecutors, judges, and juries could interpret Section 2506 as a strict liability offense **or** as a crime requiring proof of a *mens rea*, specifically malice. Appellant asserts Section 2506 is defective because it does not specify a precise *mens rea* required for culpability. Appellant also submits the statute, **"as written,"** invites the Commonwealth to arbitrarily enforce Section 2506 "on an *ad hoc* and subjective basis." (Appellant's Brief at 12) (emphasis added). Appellant concludes Section 2506 is unconstitutionally vague on its face and asks this Court to overturn his conviction. We cannot agree.

■ ¶ 6 "The void for vagueness doctrine, as extensively developed by the United States Supreme Court, is a due process doctrine incorporating notions of fair notice and warning." *Commonwealth v. Potts*, 314 Pa.Super. 256, 460 A.2d 1127, 1133 (1983). When an appellant raises a void for vagueness challenge to a statute:

The terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.... A statute which either forbids or requires the doing of an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. The void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Due pro-

---

**5.** We note, the constitutionality of 18 Pa. C.S.A. § 2506 is currently on review before our Supreme Court in *Commonwealth v. Ludwig*, 30 WAP 2002.

cess is satisfied if the statute provides reasonable standards by which a person may gauge his future conduct.

*Mayfield, supra* at 467, 832 A.2d at 422 (internal citations and quotation marks omitted).[6]

■ ¶ 7 An appellant may claim a statute is vague on its face and/or vague in its application to the facts of a particular case. *See generally Commonwealth v. Bershad,* 693 A.2d 1303 (Pa.Super.1997). A statute is unconstitutionally vague on its face if it fails to describe the proscribed conduct with sufficient certainty. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (1982) (footnote omitted).

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. [An Appellant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law

*Id.* (footnotes omitted) (emphasis added). "A 'facial' challenge, in this context, means a claim that the law is 'invalid *in toto*—and

therefore incapable of any valid application.'" *Id.* n. 5.

■ ¶ 8 In cases that do not implicate First Amendment freedoms, facial vagueness challenges may be rejected where an appellant's conduct is clearly prohibited by the statute in question. *See Mayfield, supra* at 467–68, 832 A.2d at 422; *Commonwealth v. Cook,* 468 Pa. 249, 253, 361 A.2d 274, 276–77 (1976); *Commonwealth v. Hughes,* 468 Pa. 502, 508, 364 A.2d 306, 309 (1976). Additionally, a vagueness challenge fails if a statute has a specific intent requirement, because an appellant cannot complain he did not understand the crime where he has been found to have had the specific intent of doing what is prohibited. *Commonwealth v. Hendrickson,* 555 Pa. 277, 284, 724 A.2d 315, 319 (1999).

¶ 9 Section 2506 states in pertinent part:

**§ 2506. Drug delivery resulting in death**

**(a) General rule.**-A person commits murder of the third degree who administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result of using the substance.

**(b) Mandatory minimum sentence.**-A person convicted under subsection (a) shall be sentenced to a minimum sentence of at least five years of total confinement and a fine of $15,000, or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity, notwithstanding

---

6. *See, e.g., Commonwealth v. Noel,* —— Pa. ——, 857 A.2d 1283, 2004 WL 2111411 (2004) (holding section of motor vehicle code void for vagueness because the statute is un-

clear which provisions of the Code "by their very nature" do not apply to persons riding animals).

any other provision of this title or other statute to the contrary.

(c) Deleted.

18 Pa.C.S.A. § 2506 (footnote omitted) (emphasis added). Subsection (a) references the crime of third degree murder, which is defined under Pennsylvania's Criminal Code as any killing with malice that is not first or second degree murder. *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001), *appeal denied*, 569 Pa. 716, 806 A.2d 858 (2002). Further, malice consists of:

> [A] wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured. Malice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

*Id.* (quoting *Commonwealth v. Cottam*, 420 Pa.Super. 311, 616 A.2d 988, 1004 (1992), *appeal denied*, 535 Pa. 673, 636 A.2d 632 (1993)). *See also Commonwealth v. Kling*, 731 A.2d 145 (Pa.Super.1999), *appeal denied*, 560 Pa. 722, 745 A.2d 1219 (1999); *Commonwealth v. Cruz–Centeno*, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996); *Commonwealth v. Pigg*, 391 Pa.Super. 418, 571 A.2d 438 (1990), *appeal denied*, 525 Pa. 644, 581 A.2d 571 (1990).

¶ 10 The Criminal Code provides the general requirements for culpability when a statute is silent with regard to *mens rea:*

§ 302. **General requirements of culpability**

* * *

(c) **Culpability required unless otherwise provided.**—When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.

18 Pa.C.S.A. § 302(c). *See also Commonwealth v. Pond*, 846 A.2d 699 (Pa.Super.2004). Section 305(a) adds limitations to the general culpability requirements:

§ 305. **Limitations on scope of culpability requirements**

(a) **When culpability requirements are inapplicable to summary offenses and to offenses defined by other statutes.**—The requirements of culpability prescribed by section...302 of this title (relating to general requirements of culpability) do not apply to:

(1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense; or

(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.

18 Pa.C.S.A. § 305.

¶ 11 As this Court has explained:

> Absolute criminal liability statutes are an exception to the centuries old philosophy of criminal law that imposed criminal responsibility only for an act coupled with moral culpability. A criminal statute that imposes absolute liability typically involves regulation of traffic or liquor laws. Such so-called statutory crimes are in reality an attempt to utilize the machinery of criminal administration as an enforcing arm for social regulation of a purely civil nature, with the punishment totally unrelated to questions of moral wrongdoing or guilt. Along these same lines, an additional

factor to consider when determining if the legislature intended to eliminate the *mens rea* requirement from a criminal statute is whether the statute imposes serious penalties. The more serious the penalty, such as a lengthy term of imprisonment, the more likely it is that the legislature did not intend to eliminate the *mens rea* requirement (unless the legislature plainly indicates otherwise in the language of the statute, as for statutory rape).

*Pond, supra* at 706–07 (internal citations and quotation marks omitted). A determination of whether the legislature intended to impose strict criminal liability also requires examination of the effect of the punishment on the defendant's reputation and the common law origin of the crime involved. *In the Interest of B.A.M.*, 806 A.2d 893 (Pa.Super.2002) (refusing to apply strict liability subsection of rape statute to conduct of eleven-year-old, where alleged perpetrator was member of class statute was designed to protect; concluding to do so would obtain absurd result). *See also Commonwealth v. Craven*, 572 Pa. 431, 817 A.2d 451 (2003) (applying Section 302 of crimes code to statute in crimes code that did not plainly indicate legislature's intent to impose absolute liability); *Commonwealth v. Parmar*, 551 Pa. 318, 710 A.2d 1083 (1998) (Newman, J., opinion in support of affirmance) (applying Section 302 of crimes code to statute outside crimes code, which did not indicate legislature's intent to impose strict liability). Thus, Pennsylvania law makes clear the general requirements of culpability apply, unless the legislature gives some indication otherwise in the statute. *Pond, supra.*

¶ 12 This Court recently addressed the constitutionality of Section 2506 in *Commonwealth v. Nahavandian*, 849 A.2d 1221 (Pa.Super.2004). In *Nahavandian*, a friend of the victim purchased heroin from the appellant. Later that day, the victim,

his friend, and several others injected themselves with the heroin purchased from the appellant. The victim died the next day. The appellant was subsequently arrested and convicted of drug delivery resulting in death. On appeal, the appellant argued Section 2506 was constitutionally void for vagueness, because it lacked a specific mental state. This Court rejected the appellant's claims, stating:

> [W]e believe that the statute sufficiently provides a mental state by means of reference to the crime of murder in the third degree. The common law mental state of malice is incorporated in the crime of murder in the third degree. Therefore, we believe that the statute is not void for vagueness.[3]

---

[3] We note that *Commonwealth v. Highhawk*, 455 Pa.Super. 186, 687 A.2d 1123 (1996), held section 2506 void for vagueness and therefore unconstitutional due to a conflict between subsection (a) and subsection (c). The legislature subsequently deleted subsection (c), which removed the conflict that caused us to declare the statute unconstitutional.

*Nahavandian, supra* at 1228 (some internal citations omitted).

■ ¶ 13 Instantly, Appellant met his sixteen-year-old victim in a motel room and gave her ten bags of heroin in a drugs-for-sex deal. The victim took the heroin with her into the motel bathroom. Shortly after the victim emerged from the bathroom, she ceased breathing. Appellant's attempts to revive her failed, yet Appellant did not call for medical assistance. Instead, Appellant telephoned the victim's cousin, who arrived at the motel, dressed the victim, and put heroin on the victim's nose. Appellant and the victim's cousin placed the body in the back seat of the victim's car. After dropping off the victim's cousin near her home, Appellant abandoned the car and the victim's body in

 

Kensington. An autopsy report revealed the victim died from the adverse effects of drugs. Thus, the evidence supports the application of Section 2506 to Appellant's conduct, as it applies to all instances where one person administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result. *See* 18 Pa.C.S.A. § 2506.

¶ 14 Further, Section 2506 does not contain a "plain indication" that the legislature intended to impose absolute criminal liability. Section 2506 explicitly states a person who violates that statute commits the crime of "third degree murder," if another person dies as a result. Third degree murder is defined in 18 Pa. C.S.A. § 2502(c), which states the requisite *mens rea* is malice. *See DiStefano, supra.* The offense described in Section 2506 is not merely regulatory. A conviction under this statute imposes serious criminal penalties on a defendant and can significantly harm a defendant's reputation.[7] Given the legislature's failure to designate Section 2506 as an absolute liability offense, the statute's express reference to third degree murder, the *mens rea* required for third degree murder, and the potential negative effects of a conviction, we reject Appellant's contention that police officers, prosecutors, judges, and juries could interpret Section 2506 as an absolute liability offense. *See Pond, supra;* 18 Pa.C.S.A. §§ 302(c), 305. We conclude Section 2506 as written is not impermissibly vague on the ground that it contains no specific *mens rea* requirement. *See In the Interest of B.A.M., supra.*

¶ 15 Moreover, Appellant cannot challenge the statute as applied in general or in the abstract; he can raise the "ad hoc and subjective application" argument only with respect to his own actions. *See Hoffman Estates, supra.* Here, Appellant fails to present any argument or analysis on how the statute was vague as applied to his conduct. Thus, we conclude Appellant's facial challenge to Section 2506 must fail. *See id.; Mayfield, supra; Hendrickson, supra.* Therefore, Appellant's claims warrant no relief. *See Nahavandian, supra.*

¶ 16 Based upon the foregoing, we hold Appellant's facial challenge to Section 2506 must fail because the statute provides a *mens rea* with sufficient certainty. Accordingly, we affirm the judgment of sentence.

¶ 17 Judgment of sentence affirmed.

---

7. Third degree murder, graded as a first degree felony, carries a statutory maximum sentence of twenty years' imprisonment. 18 Pa. C.S.A. § 1103(1); 18 Pa.C.S.A. § 2502(c).