## Commonwealth v. Barnett

*Christopher E. Parisi,* for Commonwealth.
*Gregory L. Nester,* for defendant.

CARPENTER, *J.,* June 11, 2010—

FACTUAL AND PROCEDURAL HISTORY

Appellant, Darron Barnett, appeals from the March 29, 2010 judgment of sentence imposed following his conviction of possession with intent to deliver cocaine, possession with intent to deliver marijuana, two counts of possession of a controlled substance and possession of drug paraphernalia.

Appellant was involved in a large-scale drug operation along with his two co-defendants, Diyon Jefferson and Darrell Elmore, who are also his brothers. The drug operation, which involved the selling of cocaine, marijuana and heroin, was run out of two principal locations,

603 West Main Street, Norristown, apartment number 2 and 558 Chain Street, Norristown.

The facts at the bench trial established the following. On December 12, 2008, a search warrant was executed on 603 West Main Street, apartment number 2 at approximately 6 a.m. (Motion to suppress/bench trial 1/11/10 pp. 181-83.) Once inside, Detective David Holtzman, of the Montgomery County District Attorney's Office, County Detective Bureau, encountered appellant, Jefferson, and Danielle Barfield. *Id.* at 183. Appellant was found in the living room of the apartment. *Id.* at 183. The search of appellant's person uncovered $322 and two vials of marijuana. *Id.* at 185. (Bench trial, v. 2, 1/12/10 p. 25.)

In the kitchen area of the apartment were two Sentry safes. *Id.* at 185-86. The first Sentry safe concealed 33 bags of heroin with a Bently stamp, 191 bags of heroin, a nine millimeter Sardius handgun and an unloaded magazine for that handgun. *Id.* at 187-90. The second Sentry safe concealed 201 blue bags of crack cocaine, four knotted sandwich bags containing 201 individual bags of crack cocaine and $1,200 in U.S. currency. *Id.* at 191, 193. Also in the kitchen, a Triton T2 digital scale, a blender and measuring cup, all with cocaine residue, were found. *Id.* at 192. A key to one of the Sentry safes was located on top of the refrigerator.

The search of the bedroom area revealed 12 small blue bags of crack cocaine, seven plastic vials of marijuana with a butterfly imprint, seven bags of heroin with a Bently imprint, an SKS assault rifle with a fully loaded

magazine and a Taurus gun case for a .40 caliber weapon. *Id.* at 194-98.

Officer Christopher Lefebvre of the Norristown Police Department transported appellant and Barfield from the West Main Street location to the police station. (Bench trial, v. 2, 1/12/10 p. 32.) Appellant sat in the rear passenger seat of the vehicle. *Id.* at 33. After transporting appellant, the officer searched the police vehicle in accordance with standard police procedure and found 2.51 grams of crack cocaine contained in 23 small blue tinted bags in the back seat where appellant had been sitting. *Id.* at 34.

The investigation led officers to also conduct surveillance of 558 Chain Street later on in the afternoon on December 18, 2008. *Id.* at 51. A subsequent search of that location was executed, which uncovered in significant part, 80 yellow bags containing crack cocaine in the kitchen cabinet, 43 bags of crack cocaine in the kitchen, three bags of cocaine on the kitchen table, 42 blue bags of crack cocaine on the kitchen table, a chunk of crack cocaine on a glass plate along with a razor blade, box of sandwich bags, bag of rubber bands, a Triton T2 scale. *Id.* at 56-59.

On January 11, 2010, a three-day bench trial commenced in which appellant was tried along with his two co-defendants.[1] At the conclusion of which, we found appellant guilty of the aforementioned charges.

---

1. Prior to the commencement of the bench trial, this court held a suppression hearing on co-defendants' motions to suppress.

564

On March 29, 2010, a sentencing hearing was conducted, in which the Commonwealth argued that 42 Pa.C.S. §9712.1 applied.[2] We agreed, and sentenced appellant to an aggregate term of five to 10 years imprisonment. This timely appeal followed.

## ISSUES

I. *Whether This Court Properly Applied the Mandatory Minimum Sentencing Provisions of 42 Pa.C.S. §9712.1*

II. *Whether a Challenge to the Constitutionality of the "In Close Proximity" Language of 42 Pa.C.S. §9712.1 Is Proper, When Appellant's Conduct Falls Squarely Within the Statute*

## DISCUSSION

I. *This Court Properly Applied the Mandatory Minimum Sentencing Provisions of 42 Pa.C.S., §9712.1*

On appeal, appellant argues that this court erred in sentencing him according to the mandatory sentencing provisions of 42 Pa.C.S.§9712.1. We disagree.

"Section 9712.1 reads in relevant part:

*"Section 9712.1 Sentences for certain drug offenses committed with firearms*

*"(a) Mandatory sentence.*—Any person who is convicted of a violation of section 13(a)(30) of the . . . The Controlled Substance, Drug, Device and Cosmetic Act,

2. The Commonwealth filed a notice of intent to seek the mandatory minimum pursuant to 42 Pa.C.S. §9712.1 on January 25, 2010.

when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or *in close proximity to the controlled substance,* shall likewise be sentenced to a minimum sentence of at least five years of total confinement." 42 Pa.C.S. §9712.1(a). (emphasis added)

At the sentencing hearing, the Commonwealth and defense counsel agreed that following facts were apparent in the record and were agreed upon.

"That Mr. Barnett was located in the apartment on the sofa in the living room when the police entered to execute the search warrant. That the marijuana in issue was found on his person. That the cocaine at issue was later found in the police car which was used to transport him to the police station that day. That the SKS rifle was found in the bedroom in a closet; there was ammo also in that closet with that of another firearm. Counsel have agreed the SKS rifle is, in fact, a firearm pursuant to title 42. 9712.1. The handgun, a Sardius, was found in a safe in the kitchen, numbered C-9, which was locked. Mr. Barnett did not have a key to that safe on his person. There was a key to that safe on the top of the refrigerator in the kitchen." (Sentencing hearing 3/29/10 p. 4.)

Also at the sentencing hearing, the Commonwealth presented the testimony of Detective Holtzman who in pertinent part testified that apartment number 2 at 603 West Main Street was not a very large apartment. From the spot where appellant was found in the living room, there was no door or barrier blocking access to the kitchen. *Id.* at 6. The den and kitchen comprised a wide

open space. *Id.* The distance between appellant and the Sardius pistol found in the Sentry safe, in the kitchen, was no more than five feet. *Id.* at 6-7. Additionally the detective testified that there was a tiny little hallway separating appellant from the SKS rifle and ammunition for that rifle, located in the bedroom closet. *Id.* At most it was only 20 to 25 steps from where appellant was found. *Id.* at 8.

Although "close proximity" is not defined by statute, it has been interpreted in both *Commonwealth v. Sanes,* 955 A.2d 369 (Pa. Super. 2008) and in *Commonwealth v. Zortman,* 985 A.2d 238 (Pa. Super. 2009). In *Sanes,* our Superior Court gave the term an expansive meaning and held that a handgun found hidden in a closet was in close proximity to the drugs located in the same room, six to eight feet away. *Id.* at 376. In reaching its holding, the *Sanes* court in part looked to the meaning of the term "in close proximity" as used in the Forfeiture Act, 42 Pa.C.S. §6801(a)(6)(ii), which states that where money or negotiable instruments are found "in close proximity" to illegally possessed drugs, there is a rebuttable presumption that those items were the proceeds of unlawful drug sales and thus, subject to forfeiture. The *Sanes* court noted that the term "in close proximity" in the Forfeiture Act allowed for the court in *Commonwealth v. Giffin,* 407, Pa. Super. 15, 21, 595 A.2d 101 104 (Pa. Super. 1991) to hold that currency found in the living room was "in close proximity" to controlled substances found in another portion of the residence.

Building on the interpretation of "in close proximity" as set out in *Sanes,* the *Zortman* court held that drugs located in the kitchen as well as in a briefcase located in

another room of the residence were in close proximity to the gun found in the bedroom of the residence. *Id.,* 985 A.2d at 244. In reaching this holding, the *Zortman* court considered that section 9712.1 is designed to deter drug dealers who utilize weapons, and that the facts of the case indicated that the defendant was involved in a significant drug distribution scheme. *Id.*

After considering the evidence produced at the sentencing hearing and at the bench trial we found that the firearms were in close proximity to the marijuana, which were located on appellant's person at the time the search warrant was executed, and in close proximity to the cocaine, which had been with appellant in the apartment before it was placed in the police vehicle by him. The detective testified that appellant, who had the drugs on his person, was within six to eight feet from the Sentry safe which concealed the Sardius handgun, and although the safe in the kitchen was locked, and appellant did not have a key, a key was readily accessible on top of the refrigerator to anyone familiar with the apartment. Additionally, the detective testified that appellant was within 20 to 25 steps from the bedroom where the SKS assault rifle, along with a fully loaded magazine, was found. Accordingly, we applied the mandatory sentencing provision of 42 Pa.C.S. §9712.1.

II. *A Challenge to the Constitutionality of the "In Close Proximity" Language of 42 Pa.C.S. §9712.1 Is Not Proper, When Appellant's Conduct Falls Squarely Within the Statute*

Second, appellant contends that the "in close proximity" language of 42 Pa.C.S. §9712.1 is unconstitutionally vague.

568

The "void for vagueness" doctrine requires penal statutes to define criminal conduct with sufficient definiteness such that ordinary people can understand what conduct is prohibited and in such a manner to discourage arbitrary and discriminatory enforcement. *Commonwealth v. Costa,* 861 A.2d 358, 361 (Pa. Super. 2004) (citing, *Commonwealth v. Mayfield,* 574 Pa. 460, 467, 832 A.2d 418, 422 (2003)). A defendant who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. *Costa,* 861 A.2d at 362. Facial vagueness challenges may be rejected where an appellant's conduct is clearly prohibited by the statute in question. *Id.*

In this case, appellant's conduct falls squarely within the mandatory sentencing statute; therefore, we decline to address this constitutional challenge.

## CONCLUSION

Based on the forgoing analysis, the March 29, 2010 judgment of sentence should be affirmed.