J-S24027-16

2016 PA Super 139

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOEY WAYNE HERMAN, | |
| Appellee | No. 479 MDA 2015 |

Appeal from the Order Entered February 10, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):
CP-67-CR-0002400-2014

BEFORE:  GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

OPINION BY BOWES, J.:                                    **FILED JUNE 29, 2016**

This is a Commonwealth appeal from the trial court's order granting Appellee's motion for *habeas corpus* relief.  Since the trial court declared some provisions of the Controlled Substance, Drug, Device and Cosmetic Act ("the Act"), 35 P.S. §§ 780-101 *et seq.*, unconstitutionally vague, we transfer this appeal to our Supreme Court.

This case concerns a chemical compound designated PB-22.  The Commonwealth charged Appellee, Joey Wayne Herman, with, *inter alia*, possession with intent to deliver a controlled substance (PB-22),[1] and

---

[1]  The Act prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act[.]"  35 P.S. § 780-113(a)(30).

possession of a designer drug (PB-22).[2]  The Commonwealth alleged PB-22

constituted a controlled substance because it is an analogue of the

substance JWH-108 within the meaning of 35 P.S. § 780-104(1)(vii).  That

part of the Act classifies certain compounds and their analogues, including

JWH-108, as Schedule I controlled substances.[3]

Appellee filed an omnibus pre-trial motion, which included a request

for *habeas corpus* relief.  The trial court held a hearing and both sides

presented expert testimony as to whether the drugs in question were

controlled substances as defined by the Act.  Relief was granted on February

10, 2015, by Order of court without an accompanying opinion.  The

Commonwealth filed a timely notice of appeal and complied with the trial

court's order to file a Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal.  The trial court authored its Rule 1925(a) opinion,

which made it abundantly clear that all charges were dismissed on the

grounds that several sections of the Act are unconstitutionally vague.  The

court stated:

---

[2]  The Act criminalizes the "manufacture, distribution, possession with intent to distribute, or possession of a designer drug."  35 P.S. § 780-113(a)(36).

[3]  Two different versions of this statute were in effect at the time of the alleged crimes.  The current version became effective July 2, 2013.  The Commonwealth alleged Appellee delivered PB-22 both before and after that date.  Part of the arguments concerned whether PB-22 is a synthetic cannabinoid analogue within the meaning of the statute at both, either, or neither time period.

In this case, even the experts do not agree on a scientific definition of the term analogue. The Commonwealth's expert testimony was completely devoid of any evidence of a commonly accepted definition of analogue. The Defendant's experts, including the creator of JWH-018, testified that the scientific community does not agree on the definition of the term analogue or the method of determining whether two substances are analogues of each other. This begs the question: if the experts are unable to formulate a meaning of the term, how is the general public expected to be on notice that something is proscribed? **The only logical conclusion that can be drawn from the evidence elicited in this case is that The Controlled Substance Act is unconstitutionally vague.**

Viewing the evidence in the light most favorable to the Commonwealth, the Commonwealth failed to prove a *prima facie* case that the Defendant committed an offense. **After reviewing the evidence presented at the [h]abeas [h]earing and the briefs filed by both parties, the [c]ourt determined that the statute defining Schedule I controlled substances is unconstitutionally vague**. The Commonwealth could not prove that the PB-22 sold or seized is a controlled substance prohibited by The Controlled Substance Act. Therefore, the [c]ourt did not err when it dismissed all charges.

Trial Court Opinion, 5/28/15, at 7-8 (emphases added). The court also determined that the definition of designer drug set forth in 35 P.S. § 780 102(b)[4] is unconstitutionally vague since experts cannot "determin[e] the similarities between the chemical structures and effects of PB-22 and JWH-018." Trial Court Opinion, 5/28/15, at 9.

This appeal is a challenge to the grant of the pre-trial writ of *habeas corpus*. Our review is *de novo*, as the question of whether the evidence is

---

[4] The relevant portion defines designer drug as "a substance other than a controlled substance . . . that either has a chemical structure substantially similar to that of a controlled substance . . . or that produces an effect substantially similar to that of a controlled substance[.]"

sufficient to establish a *prima facie* case of the charged crimes is a question of law. ***Commonwealth v. Karetny***, 880 A.2d 505 (Pa. 2005). However, it is clear the trial court found that the Commonwealth could not meet its burden due to the fact that the applicable provisions of the Act were constitutionally defective. The trial court's relief is inextricably tied to that finding, and we do not have jurisdiction to review it. Rather:

> The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:
> . . .
>
> (7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa.C.S. § 722. Thus, jurisdiction of the instant appeal properly lies in our Supreme Court. Where an appeal within the exclusive jurisdiction of a tribunal is mistakenly filed in the wrong court, the proper course is to transfer the appeal to the correct judicial body. The Judicial Code provides that:

> A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a); *See Commonwealth v. Noel*, 857 A.2d 1283, 1285 (Pa. 2004) (Superior Court relinquished jurisdiction and transferred case to the Pennsylvania Supreme Court upon Commonwealth appeal from trial court's finding that a statute was unconstitutionally vague).

We therefore transfer this appeal to the Supreme Court of Pennsylvania. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016