J-A25044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HOLLAND JERMAINE BRABHAM, III | : | |
| | : | |
| Appellee | : | No. 405 MDA 2020 |

Appeal from the PCRA Order Entered January 30, 2020
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004375-2000

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED OCTOBER 20, 2020**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the York County Court of Common Pleas, which granted the petition of Appellee, Holland Jermaine Brabham, III, to bar applicability of sexual offender registration requirements and to vacate Appellee's designation as a sexually violent predator ("SVP"). For the following reasons, we transfer this appeal to the Supreme Court of Pennsylvania.

The relevant facts and procedural history of this case are as follows. On July 2, 2001, Appellee entered a negotiated guilty plea to statutory sexual assault, sexual assault, indecent assault, and corruption of minors, in connection with offenses he committed in 2000. The court sentenced Appellee on December 10, 2001, in accordance with the plea agreement, to an aggregate term of two to four years' imprisonment. The court also designated

Appellee a SVP.  Appellee did not file a direct appeal.

On May 3, 2018, Appellee filed the current counseled petition for relief titled: "Amended Post Conviction Relief Act [("PCRA")[1]] Petition and/or Petition for Writ of *Habeas Corpus*."[2]  In his petition, Appellee explained that he was currently subject to sexual offender reporting requirements under Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA II").[3]  Notwithstanding the legislature's attempt to revise SORNA I to address

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] Appellee purported to amend a prior PCRA petition filed on December 29, 2017.  As the PCRA court formally denied relief on that petition on February 5, 2018, the current petition appears to be a wholly separate filing.

[3] Following *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017) ("*Butler I*"), *rev'd*, ___ Pa. ___, 226 A.3d 972 (2020) ("*Butler II*"), the Pennsylvania General Assembly enacted legislation to amend SORNA I.  *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of SORNA I and added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75.  In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018.  *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").  Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.  Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012.  *See* 42 Pa.C.S.A. §§ 9799.51-9799.75.  Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.  *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

the concerns present in **Muniz**[4] and **Butler I**,[5] Appellee claimed Subchapter I was still unconstitutional as applied to Appellee based on *ex post facto* principles. Appellee also acknowledged that he was no longer serving a term of imprisonment, which ordinarily bars relief under the PCRA. Nevertheless, Appellee maintained that under **Muniz**, his registration requirements were part of his sentence, for purposes of eligibility for relief under the PCRA. Alternatively, Appellee insisted the court could construe his prayer for relief as a petition for writ of *habeas corpus*. Finally, Appellee maintained his SVP designation was unconstitutional under **Butler I**.

On June 1, 2018, the Pennsylvania State Police ("PSP") filed a motion to intervene, which the court granted on June 20, 2018. The PSP subsequently filed a motion to dismiss Appellee's petition on August 7, 2018. In its motion, the PSP alleged the court was required to consider Appellee's petition under the confines of the PCRA, Appellee's current PCRA petition was facially untimely with no exceptions to the time-bar met, and Appellee was not entitled to PCRA relief in any event because he was no longer serving a

_____

[4] In **Muniz**, our Supreme Court held that the registration provisions of SORNA I were punitive, such that application of those provisions to offenders who committed their crimes prior to SORNA I's effective date violated *ex post facto* principles. **See Muniz, supra**.

[5] In **Butler I**, this Court held that the provision of SORNA I requiring a court to designate a defendant a SVP by clear and convincing evidence violates the federal and state constitutions because it increases a defendant's criminal penalty without the fact-finder making necessary factual findings beyond a reasonable doubt. **See Butler I, supra**.

sentence.

The court held a hearing on October 17, 2019. Following the submission of briefs, the court granted Appellee's requested relief on January 30, 2020. Specifically, the court determined that Subchapter I is punitive and unconstitutional *ex post facto* law. The court likewise decided Appellee's SVP designation was constitutionally infirm. The Commonwealth filed a notice of appeal on February 27, 2020. On March 6, 2020, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which the Commonwealth timely filed on March 18, 2020.

The Commonwealth raises three issues for our review:

> Whether the PCRA/*Habeas* court erred in granting relief as the court lacked jurisdiction to hear this matter, as the petition is jurisdictionally untimely and whether titled as a PCRA or *Habeas* petition, the jurisdictional timeliness requirements of the PCRA apply?
>
> Whether the PCRA court erred in granting…Appellee relief, as imposition of applicable SORNA registration is not unconstitutional?
>
> Whether the PCRA court erred in granting…Appellee relief, as imposition of [SVP] status and conditions is not unconstitutional?

(Commonwealth's Brief at 2).

As a preliminary matter, we observe that the Supreme Court of Pennsylvania has exclusive jurisdiction over the following types of cases:

**§ 722.  Direct appeals from courts of common pleas**

- 4 -

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

\* \* \*

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa.C.S.A. § 722(7).

Further, under Pennsylvania Rule of Appellate Procedure 751:

**Rule 751. Transfer of Erroneously Filed Cases**

**(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

**(b) Transfers by prothonotaries.** An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

Pa.R.A.P. 751. **See also** 42 Pa.C.S.A. § 5103(a) (stating matter that is within exclusive jurisdiction of court or magisterial district judge of this Commonwealth but is commenced in any other tribunal of this Commonwealth shall be transferred by other tribunal to proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in transferee

court or magisterial district of this Commonwealth on date when first filed in other tribunal). In other words, "[w]here an appeal within the exclusive jurisdiction of a tribunal is mistakenly filed in the wrong court, the proper course is to transfer the appeal to the correct judicial body." ***Commonwealth v. Herman***, 143 A.3d 392, 394 (Pa.Super. 2016) (relinquishing jurisdiction and transferring appeal to Supreme Court where Supreme Court had exclusive jurisdiction of matter under 42 Pa.C.S.A. § 722(7)).

Instantly, in its opinion accompanying the order granting Appellee's requested relief, the court conducted an analysis of the ***Mendoza-Martinez***[6] factors and determined that Subchapter I is punitive rather than civil in nature. (***See*** Opinion in Support of Order, filed 1/30/20, at 10-13). Thus, the court held that "requiring [Appellee] to register under Subchapter I is a violation of both the U.S. Constitution and Pennsylvania State Constitution's *ex post facto* laws." (***Id.*** at 10) The court further held that Appellee's SVP designation is

---

[6] ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144, 168-69, 83 S.Ct. 554, 567-68, 9 L.Ed.2d 644 (1963) (delineating seven-factor test as framework for determining whether statute is so punitive as to negate legislature's intention to identify scheme as civil or regulatory: "[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry…") (internal footnotes omitted).

likewise constitutionally infirm.[7] (*Id.* at 14).

In light of the court's declarations, the Supreme Court has **exclusive** jurisdiction over this case.[8] *See* 42 Pa.C.S.A. § 722(7). *See also Lacombe, supra* (citing Section 722(7) regarding Supreme Court's exclusive jurisdiction to consider Commonwealth's direct appeal from trial court order finding Subchapter I punitive and unconstitutional *ex post facto* law); *Commonwealth v. Torsilieri*, ___ Pa. ___, 232 A.3d 567 (2020) (citing Section 722(7) regarding Supreme Court's exclusive jurisdiction to consider Commonwealth's direct appeal from trial court order finding Subchapter H unconstitutional). Notwithstanding the Commonwealth's mistaken filing in this Court, we can transfer this case to the Supreme Court, as if it had been filed there on February 27, 2020. *See* Pa.R.A.P. 751(a); 42 Pa.C.S.A. § 5103(a); *Herman, supra*. Accordingly, we transfer this appeal to the Supreme Court of Pennsylvania.

Appeal transferred. Jurisdiction is relinquished.

---

[7] In its Rule 1925(a) opinion, filed on March 30, 2020, the court acknowledged our Supreme Court's March 26, 2020 decision in *Butler II*, which reversed *Butler I*. *See Butler II, supra* (holding SVP adjudication is not criminal punishment and procedure for designating individuals as SVPs is not unconstitutional).

[8] During the pendency of this appeal, our Supreme Court also decided *Commonwealth v. Lacombe*, ___ Pa. ___, 234 A.3d 602 (2020) (holding Subchapter I of SORNA II is nonpunitive and does not violate constitutional prohibition against *ex post facto* laws). In light of *Butler II* and *Lacombe*, the Commonwealth's appeal has merit. Because this Court lacks jurisdiction over this appeal, however, we cannot grant the Commonwealth relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2020