J-S46014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER GRUVER | : | No. 1202 EDA 2020 |

Appeal from the Order Entered April 22, 2020
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000166-2019

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 5, 2021**

The Commonwealth appeals from the trial court's April 22, 2020 order granting Appellee's, Christopher Gruver, post-sentence motion challenging the constitutionality of his 25-year registration requirement under Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA").[1] For the following reasons, we transfer this appeal to the Supreme Court of Pennsylvania.

On October 18, 2019, Gruver pled guilty to indecent assault of a person less than 16 years of age, 18 Pa.C.S. § 3126(a)(8). On January 17, 2020, the court sentenced Gruver to 2 to 18 months' incarceration, and notified him that he is subject to a 25-year registration requirement as a Tier II offender under SORNA. **See** 42 Pa.C.S. §§ 9799.14(c)(1.3), 9799.15(a)(2).

---

[1] 42 Pa.C.S. §§ 9799.10-9799.42.

On January 24, 2020, Gruver filed a timely, post-sentence motion alleging "that SORNA create[s] an irrebuttable presumption that all sexual offenders are highly likely to re-offend and that this presumption[,] and the registration requirements imposed as a consequence[,] impinge on his fundamental right to reputation as protected under the Pennsylvania Constitution." Trial Court Opinion (TCO), 6/30/20, at 1. After a hearing, at which only argument was presented by the parties, the trial court issued an order on April 22, 2020, granting Gruver's post-sentence motion, deeming the registration and notification requirements of SORNA unconstitutional as applied to Gruver, and "direct[ing] that [the] portion of [Gruver's] sentence which required him to comply with these requirements was vacated." *Id.* at 2.

The Commonwealth filed a timely appeal, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, it raises the following issue for our review:

> Whether the trial court erred in granting [Gruver's] post[-] sentence motion requesting exclusion from the 25-year SORNA registration requirement mandated by the Pennsylvania Legislature for conviction on the crime of indecent assault of person less than 16 years of age…?

Commonwealth's Brief at 2 (unnecessary capitalization omitted).

Preliminarily, we observe that the Supreme Court of Pennsylvania has exclusive jurisdiction over the following types of cases:

**§ 722. Direct appeals from courts of common pleas**

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

* * *

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa.C.S. § 722(7).

Additionally, Pennsylvania Rule of Appellate Procedure 751 states:

**Rule 751. Transfer of Erroneously Filed Cases**

**(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

**(b) Transfers by prothonotaries.** An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

Pa.R.A.P. 751. **See also** 42 Pa.C.S. § 5103(a) ("A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this

Commonwealth on the date when first filed in the other tribunal."); **Commonwealth v. Herman**, 143 A.3d 392, 394 (Pa. Super. 2016) ("Where an appeal within the exclusive jurisdiction of a tribunal is mistakenly filed in the wrong court, the proper course is to transfer the appeal to the correct judicial body.").

Instantly, in ruling on Gruver's post-sentence motion, the trial court held that "[t]he absence of any opportunity under SORNA for a convicted sexual offender to challenge the presumption that he is at high risk of re-offense represents an unconstitutional irrebuttable presumption which, in conjunction with the resulting consequences — the requirement to register, the damage to reputation (a fundamental right under the Pennsylvania Constitution), and the punitive effect — violates [Gruver's] right to due process." TCO at 14 (footnote omitted). Because the court declared SORNA unconstitutional as applied to Gruver, our Supreme Court has exclusive jurisdiction over this case under section 722(7). **See Commonwealth v. Torsilieri**, 232 A.3d 567, 572 (Pa. 2020) (concluding that the Commonwealth's appeal from the Chester County Court of Common Pleas' order declaring SORNA unconstitutional was within the Supreme Court's exclusive jurisdiction). Accordingly, we transfer this appeal to the Supreme Court of Pennsylvania.

Appeal transferred. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/05/2021