J-S02040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 803 MDA 2022 |
| ROBERT W. ARNETT | | |

Appeal from the PCRA Order Entered April 27, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001632-2004

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                 **FILED: FEBRUARY 27, 2023**

The Commonwealth appeals from the Order granting Appellee Robert W. Arnett's petition seeking release from his requirements that he registers as a sex offender.  It argues that the trial court erred in concluding that Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.51-9799.75, violates Appellee's right to reputation.[1]  For the following reasons, we transfer this appeal to the Pennsylvania Supreme Court.

In 2004, Appellee entered into a negotiated plea agreement to numerous offenses that occurred in 2003, including Aggravated Indecent Assault, Statutory Sexual Assault, Indecent Assault, and Corruption of Minors.

_____

[1] Subchapter I provides that where an offender committed an enumerated offense between 1996 and 2012, upon release from incarceration, the offender must comply with certain RNC requirements. 42 Pa.C.S. 9799.52.

The Sexual Offenders Assessment Board ("SOAB") conducted an evaluation and determined that Appellee did not meet the criteria of a sexually violent predator. The court sentenced him to the negotiated term of five to ten years' incarceration.[2] Under the then-existing Megan's Law, Appellee was required to register for his lifetime with the Pennsylvania State Police as a sexual offender because of his aggravated indecent assault conviction. Appellant was released from incarceration in 2013 and complied with his registration requirements pursuant to Subchapter I of SORNA.

On August 13, 2020, Appellant filed a *pro se* PCRA Petition seeking a release from his SORNA registration, notification, and counseling ("RNC") requirements. After the appointment of counsel, he filed an "Amended PCRA Petition/Motion for a Writ of *Habeas Corpus*" asserting, *inter alia*, that SORNA's Subchapter I registration requirements violate his right to reputation because they are based on an unconstitutional irrebuttable presumption of future dangerousness.

The trial court held a hearing on September 15, 2021. On April 27, 2022, the court entered an Order and Opinion granting Appellee's amended PCRA petition and releasing him from his SORNA registration requirements. The court concluded that the Subchapter I RNC requirements contained an unconstitutional irrebuttable presumption and, accordingly, the RNC

---

[2] In an unrelated case, the court sentenced Appellant to a term of one to two years' incarceration, to be served consecutive to the sentence imposed in this case.

requirements violated Appellee's constitutional right to reputation provided in Article I, Section 1 of the Pennsylvania Constitution. PCRA Ct. Op., 4/27/22, at 7-8.

The Commonwealth appealed. Both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.

Preliminarily, we observe that the Supreme Court of Pennsylvania has exclusive jurisdiction over the following types of cases:

**§ 722. Direct appeals from courts of common pleas**

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

\* \* \*

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa.C.S. § 722(7).

Additionally, Pennsylvania Rule of Appellate Procedure 751 states:

**Rule 751. Transfer of Erroneously Filed Cases**

**(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

**(b) Transfers by prothonotaries.** An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

Pa.R.A.P. 751. ***See also*** 42 Pa.C.S. § 5103(a) ("A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal."); ***Commonwealth v. Herman***, 143 A.3d 392, 394 (Pa. Super. 2016) ("Where an appeal within the exclusive jurisdiction of a tribunal is mistakenly filed in the wrong court, the proper course is to transfer the appeal to the correct judicial body.").

Instantly, in ruling on Appellee's amended PCRA petition, the trial court held that Subchapter I's irrebuttable presumption that he is likely to reoffend is unconstitutional, thus rendering Subchapter I a violation of his Constitutional right to reputation. PCRA Ct. Op. at 7-8. Because the PCRA court declared SORNA's Subchapter I unconstitutional, our Supreme Court has exclusive jurisdiction over this case under section 722(7). ***See Commonwealth v. Torsilieri***, 232 A.3d 567, 572 (Pa. 2020) (concluding that the Commonwealth's appeal from the Chester County Court of Common Pleas'

order declaring SORNA unconstitutional was within the Supreme Court's exclusive jurisdiction). *See also Commonwealth v. Gruver*, 248 A.3d 461 (Pa. Super. 2021) (unpublished memorandum) (transferring appeal of Order that found SORNA's RNC requirement were unconstitutional as applied to the appellee to the Supreme Court).[3]

Accordingly, we transfer this appeal to the Supreme Court of Pennsylvania.

Appeal transferred. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2023

---

[3] We note that the Pennsylvania Supreme Court accepted the *Gruver* appeal and ultimately affirmed the trial court in a *per curiam* Order on other grounds without addressing the substance of the constitutionality challenge raised on appeal. *Commonwealth v. Gruver*, 232 A.3d 642 (Pa. 2022) (*per curiam*).