J-S03005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL MACEDO | : | |
| | : | |
| | : | No. 695 MDA 2023 |
| APPEAL OF: PENNSYLVANIA STATE | : | |
| POLICE | : | |

Appeal from the Order Entered April 13, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002432-2009

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 20, 2024**

Appellant, the Pennsylvania State Police ("PSP"), appeals from the April 13, 2023 order granting Appellee Christopher Michael Macedo's petition asking the trial court to vacate his registration requirements under Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.51-9799.75.[1]  After careful consideration, we transfer this appeal to the Pennsylvania Supreme Court.

A previous panel of this Court summarized the facts of this case as follows:

_____

[1] Among other things, SORNA's Subchapter I provides that an offender who committed an enumerated offense between April 22, 1996 and December 20, 2012 must comply with certain registration, notification, and counseling ("RNC") requirements.  *See* 42 Pa.C.S.A. § 9799.52.

[Appellee] serially molested his younger siblings and step-siblings between February 2000 and February 2006. He was [11-years-old] when the first offense occurred. He was a few days shy of his 17th birthday when the last offense took place. The offenses occurred when [Appellee] was placed in the position of having to babysit the victims. The abuse stopped when he was no longer forced to care for the children.

\*\*\*

The instant offenses were not brought to light until July [] 2009, when [Appellee] was more than 20 years old. At that time[,] it was no longer feasible to treat him as a juvenile.

\*\*\*

On May 21, 2010, [Appellee] entered a plea of *nolo contendere* to [10] counts of rape, seven counts of involuntary deviate sexual intercourse [("IDSI"] with a child, six counts of aggravated indecent assault, [10] counts of incest and [27] counts of indecent assault. The Commonwealth gave notice that it was seeking the mandatory minimum sentence on [Appellee's] rape, [IDSI,] and aggravated indecent assault charges.

[Appellee] was referred to the Sexual Offender Assessment Board for an evaluation. Thereafter[,] the Commonwealth filed a petition to have him declared to be a sexually violent predator [("SVP")]. [The trial court] held an evidentiary hearing on the petition on September 7, 2010. On October 5, 2010, [the trial court] entered an order designating [Appellee] as an [SVP]. On that same date[, the court] sentenced him to imprisonment for not less than five nor more than [10] years plus an additional [20] years['] probation. [This sentence included multiple five-year mandatory minimum sentences, all of which Appellee was to serve concurrently. Appellee was also subjected to lifetime sexual offender registration requirements.]

***Commonwealth v. Macedo***, 43 A.3d 528 (Pa. Super. 2012) (unpublished

memorandum) (Table at 1-2).

- 2 -

On July 20, 2022, Appellee filed a petition seeking to vacate his sexual offender registration requirements.[2]  In his petition, Appellee argued that, because he was a juvenile at the time he committed the offenses, his continuing registration requirements under Subchapter I of SORNA constituted cruel and unusual punishment and violated his due process rights under the Fifth and 14th Amendments of the United States' Constitution, as well as Article I, Section 9 of the Pennsylvania Constitution.  In making this assertion, Appellee relied upon our Supreme Court's decision in *In the Interest of J.B.*, 107 A.3d 1 (Pa. 2014) ("*J.B.*") and this Court's decision in *Commonwealth v. Haines*, 222 A.3d 756 (Pa. Super. 2019).  *J.B.* held that SORNA's lifetime registration provision violated a juvenile offender's due process rights by utilizing the irrebuttable presumption that was not universally true.[3]  *Haines* extended *J.B.* to juvenile offenders who were

_____

[2] Prior to filing the instant petition, Appellant challenged his judgment of sentence in a direct appeal before this Court.  We affirmed Appellant's judgment of sentence in 2012.  Thereafter, our Supreme Court denied *allocatur* on February 21, 2013.  As such, Appellee's judgment of sentence became final on May 22, 2013, when the 90-day period to file a petition for writ of *certiorari* in the United States Supreme Court expired.  *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13,  The trial court, however, was permitted to exercise jurisdiction over Appellee's July 20, 2022 petition pursuant to our Supreme Court's decision in *Commonwealth v. Lacombe*, 234 A.3d 602, 617-618 (Pa. 2020) which explicitly stated that a challenge to the application of a sexual offender registration requirement need not be raised under the Post-Conviction Relief Act ("PCRA").

[3] We note that, in *J.B.*, the Supreme Court considered the original version of SORNA (42 Pa.C.S.A. §§ 9799.10-9799.41), which became effective in December 2012.  SORNA was amended thereafter, but the amendments are not germane to the issues discussed herein.

convicted and sentenced after reaching majority. On August 2, 2022, Appellant entered its appearance and filed an answer to Appellee's petition.

Thereafter, the trial court entered an order stating that, because the offenses in this case occurred when Appellee was a juvenile, the "registration requirements of SORNA imposed as a result of the underlying offenses . . . must be vacated" pursuant to **J.B.** and **Haines**.  Trial Court Order, 9/19/22, at 1.  The court, however, noted that Appellee was "still required to undergo lifetime registration under SORNA because of the prior finding that he [met the criteria for SVP designation]." **Id.**  The court then stated that it had "some concerns about the validity of [its] original finding that [Appellee was] a[n SVP]" and requested further briefing to address "whether or not [Appellee's] status as a[n SVP] may be revisited." **Id.**  Appellee, therefore, filed a subsequent brief in which he argued that, in light of his juvenile status at the time of the offenses, the application of Subchapter I's irrebuttable presumption of future dangerousness within the context of his SVP determination was unconstitutional.  **See** Appellee's Second Brief in Support of Petition to Vacate, 10/13/22, at *3-*7 (unpaginated).

Ultimately, on April 13, 2023, the trial court granted Appellee's petition, holding as follows:

> [This court] is satisfied that [Appellee] has demonstrated that 1) SORNA encroaches upon his constitutionally protected and fundamental right to reputation with an irrebuttable presumption that all sexual offenders pose a high risk of committing additional sexual offenses; 2) SORNA's presumption is not universally true as evidenced by the fact[] that [Appellee] himself stopped the problematic conduct while he was yet a

juvenile, has since maintained employment and started a family, has remained crime free, and has been found to be a low risk of recidivism of sexual offenses by an expert; and 3) alternative means, including periodic individual reassessment, exist to determine (the presumed fact of) whether a sex offender who committed his offense as a juvenile against another juvenile poses a continued, high risk of recidivating. **See** [**J.B.**, **supra**; **Haines**, **supra**]. [Appellee] has shown that he will forever be negatively affected by the presumption imposed by SORNA and his SVP designation. Accordingly, it is hereby ORDERED and DECREED that [Appellee] is relieved from his court-ordered registration requirements under SORNA. It is further ORDERED that the [PSP] is enjoined from requiring [Appellee] to register under SORNA or publishing him as a registered offender under SORNA.

Trial Court Order, 4/13/23, at 1-3 (footnotes omitted). This timely appeal followed.[4]

_____

[4] On June 14, 2023, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). No such statement appears in the record or on the docket. In general, the failure to file a Rule 1925(b) statement would result in the waiver of an appellant's issues on appeal. **See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-225 (Pa. Super. 2014) (*en banc*); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). The trial court's docket does not reflect that the court's order was served on Appellant, as required by Pa.R.Crim.P. 114(C)(2)(c). It simply notes that the order was served upon the Cumberland County District Attorney's Office and Appellee's counsel. We are, therefore, unable to determine the date Appellant was served with the trial court's Rule 1925(b) order, as required by Rule 114, and similarly cannot conclude that Appellant failed to comply with the trial court's 1925(b) order. **See Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa. Super. 2017) (finding that because the docket did not reflect whether

*(Footnote Continued Next Page)*

Appellant raises the following issues on appeal:

1. Does Appellant have standing?

2. Did the trial court err as a matter of law or abuse its discretion in finding that Appellee's designation as a[n SVP] was based on an irrebuttable presumption?

3. Did the trial court err as a matter of law in extending [**J.B.**, **supra**; **Haines**, **supra**] to Appellee who, as an adult, was classified [as] a[n SVP]?

4. Did the trial court err as a matter of law or abuse its discretion in determining that Appellee's [SVP] designation violated his right to reputation under Article [I], Section 1 of the Pennsylvania Constitution?

5. Did the trial court err as a matter of law or abuse its discretion in finding that Subchapter I as applied to Appellee is unconstitutional?

Appellant's Brief at 5.

Before we address the merits of Appellant's claims, we must first determine whether we have jurisdiction to do so. Importantly, our Supreme Court has exclusive jurisdiction over the following types of cases:

**§ 722. Direct appeals from courts of common pleas**

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

\* \* \*

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of

_____

service of the court's 1925(b) order was effectuated, it could not conclude that the appellant failed to comply with the order). Accordingly, we decline to find that Appellant waived its claim on this basis. Moreover, in the interest of judicial economy, we decline to remand this matter to determine whether the trial court's 1925(b) order was properly served. **See id**. at 472, n.2.

the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa.C.S.A. § 722(7).

In addition, Rule 751 of the Pennsylvania Rules of Appellate Procedure provides:

**Rule 751.  Transfer of Erroneously Filed Cases**

**(a) General rule.**  If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

**(b) Transfers by prothonotaries.**  An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

Pa.R.A.P. 751; *see also* 42 Pa.C.S.A. § 5103(a) ("A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal."); *Commonwealth v. Herman*, 143 A.3d 392, 394 (Pa. Super. 2016) ("Where an appeal within the exclusive jurisdiction of a tribunal is mistakenly filed in

the wrong court, the proper course is to transfer the appeal to the correct judicial body.").

The trial court herein held that the lifetime registration requirements which followed Appellee's SVP determination rested upon an irrebuttable presumption that "all sexual offenders pose a high risk of committing additional sexual offenses." Trial Court Order, 4/13/23, at 2. The trial court then determined that the application of the irrebuttable presumption violated Appellee's protected reputational interest, especially considering his juvenile status at the time of the offenses. *Id.* at 1-3. Our case law uniformly holds that an appeal from an order invalidating SORNA's registration requirements based on an irrebuttable presumption lies within the exclusive jurisdiction of the Pennsylvania Supreme Court pursuant to Section 722(7).[5] ***See***

_____

[5] In a recent decision, a panel of this Court addressed an appellant's challenge to a trial court's order directing her to register as a sexual offender under Revised Subchapter H of SORNA, 42 Pa.C.S.A. §§ 9799.10-9799.42. ***See Commonwealth v. Muhammad***, 241 A.3d 1149 (Pa. Super. 2020). In so doing, we held that "SORNA [was] unconstitutional as applied to [the a]ppellant because it creat[ed] an irrebuttable presumption that her convictions . . . ma[d]e her a risk to commit additional sexual offenses." ***Id.*** at 1151-1152. Upon review, we conclude that this matter is wholly distinct from that of ***Muhammad*** and fully within the jurisdiction of our Supreme Court. Indeed, unlike Appellee herein, the appellant in ***Muhammad*** was not convicted for crimes that are sexual in nature or are typical of those charges that give rise to SORNA's registration requirements. Rather, her convictions, which included interference with custody of children, false imprisonment, unlawful restraint and conspiracy to commit the aforementioned offenses, arose from a single episode involving a custody dispute. Hence, the appellant's challenge in ***Muhammad*** was clearly an "as-applied challenge limited to the particular circumstances of [her] case." ***Id.*** at 1157. In this instance, like that of ***Torsilieri***, ***Arnett***, and ***Gruver***, the trial court

*(Footnote Continued Next Page)*

*Commonwealth v. Torsilieri*, 232 A.3d 567, 572 (Pa. 2020) (appeal from trial court order declaring that RNC provisions of SORNA's Revised Subchapter H utilized an irrebuttable presumption which violated the appellant's right of reputation fell within exclusive jurisdiction of the Supreme Court); *see also Commonwealth v. Arnett*, 2023 WL 2232705 *1 (Pa. Super. Feb. 27, 2023) (non-precedential decision) (challenge to order declaring that SORNA Subchapter I utilized an irrebuttable presumption which violated the appellant's right of reputation fell within exclusive jurisdiction of the Supreme Court); *Commonwealth v. Gruver*, 2021 WL 37475 *1 (Pa. Super. Jan. 5, 2021) (non-precedential decision) (appeal from order finding that SORNA Subchapter H's RNC requirements utilized an irrebuttable presumption which violated the appellee's constitutional right of reputation fell within exclusive jurisdiction of Supreme Court).[6] We therefore transfer this appeal to the Supreme Court of Pennsylvania.[7]

_____

terminated Appellee's registration obligations because it determined that SORNA Subchapter I utilized an irrebuttable presumption which unconstitutionally intruded upon Appellant's fundamental right of reputation. We further note that the trial court applied its determination to invalidate Appellee's registration requirements despite his status as an SVP, which is a question that has not yet been addressed by a Pennsylvania appellate court.

[6] The Pennsylvania Supreme Court accepted the *Gruver* appeal and affirmed the trial court in a *per curiam* order on other grounds. *See Commonwealth v. Gruver*, 252 A.3d 642 (Pa. 2022) (*per curiam*).

[7] In transferring the instant appeal, we express no opinion on whether Appellant has standing to contest the trial court's April 13, 2023 order. *See Commonwealth v. Cheeseboro*, 91 A.3d 714, 720-722 (Pa. Super. 2014).

Appeal transferred.  Jurisdiction relinquished.
Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/20/2024